NUMBER 13-01-543-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI



 

 

THE STATE OF TEXAS,                                                         Appellant,

 

                                                   v.

 

CONWAY
T. LINNEY,                                                             Appellee.

 



 

                         On appeal from the 36th District Court

                                 of Aransas
County, Texas.

 



 

                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and Castillo

                                  Opinion by Justice Castillo

 

Appellant, the
State of Texas, appeals from an order granting a motion to suppress a written
confession signed by the appellee, Conway T. Linney.  In a single
issue presented, the State argues that the trial court erred in suppressing the
statement.  We reverse.

 








Facts

Linney was arrested
on September 19, 2000, for the offense of aggravated sexual assault.  See Tex.
Pen. Code Ann. ' 22.021 (Vernon
Supp. 2002).  He was held in Aransas
County Jail.  The next day, while in
custody, Linney was interrogated by Aransas County
Deputy Sid Moore.  Deputy Moore advised Linney of his rights prior to the interrogation.[1]  Deputy Moore further advised Linney that he had the right to not answer questions and to
terminate the interrogation at any time. 
Linney signed a written document waiving his
right to silence.  Linney
proceeded to dictate a written statement, with another sheriff present to type
the statement into a computer and print it out. 
After Linney finished dictating the statement
but before he signed it, Deputy Moore told him that if he (Linney)
was telling a lie, a lot of people, including Linney=s family, could
be hurt.  Deputy Moore further stated
that, if Linney told the truth, his (Linney=s) statements
would help him.  Linney
then signed the written statement confessing to the crime charged.








On July 13,
2001, Linney filed a motion to suppress the statement
he gave while in police custody, claiming that the statement was given under
duress and was involuntary.  A hearing
was held on July 24, 2001 regarding the motion to dismiss, and the trial court
judge orally granted the motion at the hearing. 
The State then requested findings of fact and conclusions of law, and
the trial court proceeded to issue those requested findings and conclusions
orally.  On August 24, 2001, the trial
court issued written findings of fact and conclusions of law.  The State timely filed its notice of appeal.                   

Standard of
Review

We review the
trial court=s grant of a
motion to suppress under the standards set forth in Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).  Under Guzman, the relevant
standard of review depends on the type of question presented.  Id. 
We must afford almost total deference to the trial court=s determination
of the historical facts that are supported by the record, especially where the
determination is based on an evaluation of credibility and demeanor.  Id. 
We also afford almost total deference to the trial court=s application
of the law to the facts, where the application turns on an evaluation of credibility
and demeanor.  Id.  Where the application of the law to the
facts does not revolve around an evaluation of credibility and demeanor, we
review the issue de novo.  Id.  However, in such a case we still afford
deference to the trial court=s determination
of the subsidiary fact questions.  Id.

At a hearing on
a motion to suppress a confession, the trial court is the sole judge of the
credibility of the witnesses, and the weight to be given to their
testimony.  Wyatt v. State, 23
S.W.3d 18, 23 (Tex. Crim. App. 2000).  The trial court is free to believe or
disbelieve any or all parts of a witness=s
testimony.  Dewberry v. State, 4
S.W.3d 735, 747 (Tex. Crim. App. 1999).    

Issue Presented








The State
argues in its issue presented that the comment made by Deputy Moore did not
render Linney=s confession
involuntary and thus inadmissable, and therefore
suppression was in violation of Texas Code of Criminal Procedure article
38.22.  We agree.

Article 38.22
of the Texas Code of Criminal Procedure requires that, prior to interrogation
by law enforcement, statutory warnings must be given.  Tex.
Code Crim. Proc. Ann. art. 38.22(a) (Vernon 1979).  These warnings must include very specific
language, including the statement that Aanything you
say can be used against you in a court of law.@  Id.  The failure to include these specific
statutorily-required warnings renders any written admonition or confession
obtained during that interrogation inadmissible per se.  Id. 
In the present case, there is no dispute that Deputy Moore issued
the mandated warnings to Linney prior to the
interrogation.








Where the
challenge to the admissibility of a confession is not based upon the failure of
the questioner to issue the proper pre-interrogation warnings, but rather is
based upon remarks made by the questioner during the course of the
interrogation, the per se rule of inadmissability
does not apply to confessions subsequently obtained.  Creager
v. State, 952 S.W.2d 852, 856 (Tex. Crim. App.
1997).  Where the proper
pre-interrogation warnings have been given, the statutory requirements stated
in 38.22 have been satisfied.  Id.  The issue in such a case is therefore not
what specific words have been used, but rather the impact of the questioner=s remarks in
convincing the criminal defendant that confessing would help him.  Id. 
We look at such remarks in order to determine whether they had the
effect of rendering the confession involuntary. 
Id.  The totality of the
circumstances must be viewed in order to determine the voluntariness
of the confession.  Id.    

The trial court=s findings of
fact included the following statements:

Deputy Moore
testified unequivocally that he told the defendant that telling the truth in
his statement would help him.  

 

Deputy Moore=s unequivocal
representation to the Defendant that a truthful statement would help him was
made before the interview was concluded, before the statement was
typed and before the Defendant signed it.  

 

The trial court=s conclusions
of law included the following:

 

The undisputed statement by the State=s interrogator 

that Athe defendant=s telling the
truth would help@ 

rendered the statement involuntary and inadmissable.            

 

It is a non
sequitur to tell a defendant Aany statement I
make can and will be used against me@ and Atelling the
truth about your actions will help you.@

          

Texas Code of
Criminal Procedure 38.22 requires a defendant to be warned a statement can and
will be used against him.  

 

Texas Code of
Criminal Procedure 38.22 requires a defendant not be induced to speak on
the representation his statement will help.  

 

Nevarez v. State
847.SW2d637 [sic] and Dinkin [sic] v. State
894.SW2d330 [sic] disallow law enforcement personell
[sic] from suggesting a statement of a defendant will help his case.  Note: Facts in Dinkins are
distinguishable from this cause as in that case a question was raised regarding
what the interrogating officer told the defendant.  In this case no such controversy exists.  The officer admitted making the comment and
stated he actually believes it to be a correct way to warn people because AI just think
the truth always helps.@  

 








The trial court=s determination
was clearly based on the misapplication of Nevarez
and Dinkins to this case.  Both of
those cases involved situations in which the interrogator gave improper
pre-interrogation warnings to the criminal defendant, thus invoking the per
se rule of invalidity of the confessions under article 38.22.  See Dinkins v. State, 894 S.W.2d 330,
348-50 (Tex. Crim. App. 1995); Nevarez
v. State, 847 S.W.2d 637, 646-47 (Tex. App.CEl Paso 1993, pet. ref=d).  The trial court therefore applied the wrong
standard in determining whether to admit the confession.       Giving
proper deference to the trial court=s findings of
historical facts, and as the issue here does not turn on the credibility or
demeanor of the witness, we thus review the trial court=s determination
regarding the validity of the confession de novo.  Guzman, 955 S.W.2d at 89.  In doing so, we must look at the totality of
the circumstances to determine the voluntariness of
the confession as required by Creager.  Creager, 952
S.W.2d at 856.  The trial court made no
finding of fact as to the voluntariness of Linney=s confession.  Indeed, no evidence was adduced regarding the
effect of Moore=s words on Linney=s willingness
to give his statement.  Deputy Moore
testified that he told Linney that Athe truth would
help him@ only after Linney had already given the statement, and Linney did not alter the statement he had made after Moore=s declaration.  Without any evidence in the record that Linney would not have signed the statement absent Deputy
Moore=s remark, we
cannot say that the confession was involuntary due to Moore=s remark.  Given
the meager evidence before us on the issue of the voluntariness
of Linney=s
statement, the totality of the circumstances reflects that his confession was
not obtained involuntarily.  

We
reverse the order suppressing Linney=s
written confession and remand to the trial court for further proceedings
consistent with this opinion.  








 

ERRLINDA
CASTILLO

Justice

 

Do not
publish.

Tex. R. App.
P. 47.3(b).

 

Opinion delivered and filed

this 23rd day of May, 2002.

 











[1] Specifically,
Deputy Moore informed Linney that he had the right to
remain silent and not make any statement, that any statement he made could and
would be used against him in court, that he had the right to have an attorney
present to advise him prior to and during any questioning, that he had the
right to have an attorney appointed to him if he could not afford to hire
one.  See Tex. Code Crim. Proc. Ann. art. 38.22(2)(a) (Vernon
1979).